[No. 13232. Department Two. June 16, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON SERWE, *Appellant*, ELMER LEWIS COWAN, *Defendant*.[1]

CRIMINAL LAW—TRIAL—URGING AGREEMENT OF JURY. The action of the judge in saying to a jury in a criminal case, which had been called in to inquire of their progress, that "the case is one of considerable importance and it would be some trouble to try it again, and if the jury can consistently, I would like them to agree" would not constitute error, since there was no intimation of his own or the public's opinion as to the merits of the case.

CRIMINAL LAW—APPEAL—HARMLESS ERROR. Error in eliciting testimony impeaching a witness for the defense in a criminal prosecution is harmless, where the impeaching testimony was amply sustained by the other evidence in the record.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered October 13, 1915, upon a trial and conviction of robbery. Affirmed.

*A. Emerson Cross* and *Dan Pearsall*, for appellant.

*J. E. Stewart* and *O. M. Nelson*, for respondent.

BAUSMAN, J.—Serwe and one Cowan were jointly charged and jointly tried for robbery. Both were convicted, and Serwe appeals.

The state, to show that these two with a third named Welden committed the crime on a certain night, introduced

[1]Reported in 158 Pac. 81.

testimony of those who were robbed, and these related that, before the offense, the three men were seen together near the place of the robbery. Defendants denied all this as well as the crime. Welden then testified for the defense. On cross-examination, he was asked whether he had not stated to one Linsenmire that, if the other two had been at the place of the robbery, he himself must have been there too, because they were together all that night. This he answered in the negative. Being next asked whether he had not made the same statement to one Crist, he denied that also. Thereupon the state, in rebuttal, asked Crist whether Welden had told him that he had been with the others that night, which question, over appellant's objection, he answered, saying that Welden had said so without naming an hour.

It is complained that this, as an impeaching question, was erroneous, because there was not quoted to Crist for contradiction the whole of what had been propounded to Welden and by him denied.

Linsenmire, also called on rebuttal, testified, over defendants' objection, that Welden had admitted to him that he had been with the others that night. This also was assigned as error.

A third error is alleged in the permitting of one Best to testify on rebuttal that he saw the three together that night and many other times besides. Serwe and Cowan for their part had admitted that they two had been together on the night in question, but they had always denied that Welden had been with them at all.

The father of Welden having testified that the latter was at home the night of the robbery and that he had not seen him associating with the defendants, a rebuttal by one Quimby was allowed, that the father had admitted his being sorry his boy had ever associated with the defendants.

Lastly, error is assigned in the court's saying to the jury, when he called them in to inquire of their progress after they had been out all night: "The case is one of considerable

importance and it would be some trouble to try it again and, if the jury can consistently, I would like them to agree." This last we dispose of at once. Nothing in such a remark was improper. It was, on the contrary, the duty of the court to encourage the jury to agree. Not in the slightest did he intimate his own opinion or that of the public as to which side was in the right.

The other questions can be discussed together. All that Welden is supposed to have admitted and all that was to be proved by his presence or association with the others is abundantly covered in other testimony, from which it is impossible to believe this ingredient prejudicial. The time is past when convictions can be set aside for fragmentary error, notwithstanding the entire record will convince a court that a defendant was not harmed by it. When constitutional guaranties are observed this court will be loath to reverse cases for trifles like these. Five witnesses for the state had testified that they saw Welden in the company of the two defendants on the night of the robbery, the four who were robbed identifying Welden positively as one of the robbers. The two defendants were equally identified as the others. They themselves admitted that they two had been together that evening, and it makes little difference that Welden himself, whose being with them they deny, is not a codefendant, for the error, if any, was harmless, even without his being joint conspirator on trial. His statement that if the two defendants were guilty he was because he had been with them, even if believed by the jury, would mean little. In none of this testimony did the state offer a third person's hearsay statement that the defendants did commit the offense. Without deciding whether error occurred, we are satisfied that this is a case for our rule frequently laid down against reversing cases for error not prejudicial.

Judgment affirmed.

Morris, C. J., Main, Holcomb, and Parker, JJ., concur.