[No. 21019. Department One. February 15, 1928.]

THE CITY OF TACOMA, *Respondent*, v. RALPH B. KITCHEN, *Appellant*.[1]

[1] CRIMINAL LAW (322)—DELIBERATIONS OF JURY—ADMONITIONS— COERCING VERDICT. It cannot be assigned that a verdict of guilty was coerced by the judge, where, on a report of the jury that there were "three members who will not agree," he simply ordered their return to the jury room with the instruction that it was their duty to agree if possible.

Appeal from a judgment of the superior court for Pierce county, Hodge, J., entered April 23, 1927, upon a trial and conviction of driving an automobile while intoxicated. Affirmed.

*P. L. Pendleton* and *W. G. Palmer*, for appellant.

*E. K. Murray, Leo Teats*, and *Bartlett Rummel*, for respondent.

PARKER, J.—The defendant, Kitchen, was, by complaint filed in the police court of the city of Tacoma, charged that he did "unlawfully drive an automobile, while intoxicated, upon a public street in the city of Tacoma," in violation of the provisions of a certain ordinance of the city regulating traffic upon the streets of the city. Trial in that court resulted in the defendant being adjudged guilty, from which judgment he appealed to the superior court for Pierce county, wherein he was tried *de novo* in that court sitting with a jury, resulting in a verdict of guilty being rendered against him, upon which final judgment was rendered accordingly, from which judgment he has appealed to this court.

[1] The only claim of error here presented is that, by remarks of the trial judge, the jury were unduly in-

[1]Reported in 264 Pac. 12.

fluenced to render a verdict of guilty against appellant. The most that can be said of the record in that behalf is that it shows that, upon the jury coming into court, for just what purpose is not clear, after deliberating for a time, the foreman of the jury, addressing the court, said: "Your Honor, there are three members of the jury who will not agree, and I don't think they will agree all night." To which the trial judge replied: "You may return to your jury room. It is your duty to agree, if possible." There is nothing in the record indicating in the slightest degree the opinion of the trial judge as to what verdict shall be rendered in the case. Plainly, we think this is not such an incident as to evidence any undue influence being exerted by the court upon the jury. *Mott Iron Works v. Metropolitan Bank*, 90 Wash. 655, 156 Pac. 864; *State v. Serwe*, 91 Wash. 516, 158 Pac. 81; *Lindstrom v. Seattle Taxicab Co.*, 116 Wash. 307, 199 Pac. 289; 20 R. C. L. 246.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, TOLMAN, and FRENCH, JJ., concur.